IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAE DEAN STRAWN,<br><br>Plaintiff,<br><br>v.<br><br>POLICE OFFICER BRUCE SOKOLOFF, an individual POLICE OFFICER, J. ANAYA, an individual, and the CITY OF PORTERVILLE, a municipal Corporation, and Does 1-25,<br><br>Defendants. | CASE NO.:<br><br>COMPLAINT<br><br>JURY TRIAL DEMANDED |

COMES NOW, Plaintiff, RAE DEAN STRAWN, by and through her attorney of record alleges:

**PRELIMINARY STATEMENT**

1. This is a civil rights action in which Plaintiff seeks relief for the violation of her rights under 42 USC §1983, the Fourth and Fourteenth Amendments to the United States Constitution against the CITY OF PORTERVILLE, local officials, and the CITY OF PORTERVILLE Police Officers.

2. Jurisdiction is proper pursuant to 28 USC §1331.

3. Venue is proper pursuant to 28 USC §1391.

4. Plaintiff seeks monetary damages (special, compensatory, and punitive) against Defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper. The amount in controversy exceeds $100,000.00.

-1-

COMPLAINT

5. Plaintiff, RAE DEAN STRAWN, is a citizen of the United States and a resident of the City of Porterville, County of Tulare, State of California.

6. Defendants, BRUCE SOKOLOFF and J. ANAYA, were at all times relevant herein mentioned police officers employed by Defendant, CITY OF PORTERVILLE, and were at all times materially mentioned herein acting within the scope of their employment and under color of state law.

7. Defendant, CITY OF PORTERVILLE, operates the Porterville Police Department ("PPD"), a law enforcement agency, and is a municipality capable of being sued under California law. The city is the applicable and appropriate claims as to Defendant CITY OF PORTERVILLE and the PPD on the doctrines of respondeat superior or vicarious liability, and municipality liability pursuant to *Monell v. Dep't of Soc. Services of City of New York*, 436 U.S. 658 (1978).

8. Plaintiff presented a Claim for Damages pursuant to the State of California Tort Claims Act to the CITY OF PORTERVILLE on or about April 7, 2022 alleging these acts. On or about May 19, 2022, the CITY OF PORTERVILLE presented a Notice of Rejection of Claim.

**FACTUAL ALLEGATIONS**

9. On January 18, 2022, at approximately 6:20 pm, Plaintiff was attending a public city council meeting, within the city limits of the CITY OF PORTERVILLE. Plaintiff was seated in a near empty room speaking with an acquaintance. The city council meeting had not yet begun.

10. At the above-mentioned time and place, Defendant, BRUCE SOKOLOFF approached Plaintiff and ordered Plaintiff to put on a facemask which were available to the public on a table near the exit. Plaintiff retrieved a facemask from the table and complied with said Defendant's order.

11. A few minutes later Defendant BRUCE SOKOLOFF approached Plaintiff and ordered Plaintiff to "pull the facemask over her nose".

12. Plaintiff commented to Defendant BRUCE SOKOLOFF that she was wearing the mask in the exact same manner as said Defendant

13. Defendant BRUCE SOKOLOFF then ordered Plaintiff to stand up because she was under arrest.

14. Plaintiff asked Defendant BRUCE SOKOLOFF what law she had violated to which she received no answer.

15. Defendant BRUCE SOKOLOFF and Defendant J. ANAYA proceeded assault, batter and arrest Plaintiff with handcuffs.

16. Defendant BRUCE SOKOLOFF and Defendant J. ANAYA then and there took the following acts:

   a. Defendant BRUCE SOKOLOFF and Defendant J. ANAYA forcefully removed Plaintiff from the city council chambers under color of law.
   b. Defendant BRUCE SOKOLOFF and Defendant J. ANAYA took Plaintiff to their patrol vehicle and searched Plaintiff's person without probable cause that Plaintiff had committed any criminal act.
   c. Defendant BRUCE SOKOLOFF and Defendant J. ANAYA forced Plaintiff in their patrol vehicle and locked Plaintiff in their patrol vehicle.
   d. Defendant BRUCE SOKOLOFF and Defendant J. ANAYA took Plaintiff to the Porterville Police Department for booking without probable cause to believe Plaintiff had committed any crime.
   e. Defendant BRUCE SOKOLOFF and Defendant J. ANAYA recklessly used excessive force in order to cause Plaintiff injury consisting of bruised wrists. Plaintiff suffered extreme embarrassment and severe emotional distress.

## COUNT I
## 42 USC §1983 (EXCESSIVE FORCE)
**Defendants BRUCE SOKOLOFF and J. ANAYA**

19. All previous paragraphs are incorporated herein by reference as though fully set forth in full herein.

20. Defendants BRUCE SOKOLOFF and J. ANAYA's use of force against Plaintiff was not reasonable under the circumstances, and was excessive.

21. Wherefore, as a direct and proximate result of said wrongful acts, Plaintiff suffered severe and permanent injury to her person, pain and suffering, disability, mental anguish, humiliation, and other diverse injuries in an amount in excess of $100,000.00 plus punitive damages and attorneys fees and costs.

## COUNT II
## 42 USC §1983 (MONELL)
### Defendant CITY OF PORTERVILLE and PPD

22. All previous paragraphs are incorporated herein by reference as though fully set forth in full herein.

23. Defendant CITY OF PORTERVILLE is a California Municipal Corporation which operates, administers, maintains and controls the PPD as one of its executive branches.

24. Municipal bodies are liable for constitutional violations under 42 U.S.C. § 1983 when execution of its official policy or custom deprives an individual of its rights protected under the Constitution. *Monell supra.*

25. At all times relevant herein, Defendant CITY OF PORTERVILLE and PPD had a duty to properly train, supervise, and discipline their employees and agents.

26. Defendant CITY OF PORTERVILLE and PPD breached that duty by:

   a. failing to adequately train the Defendant Officers in proper arrest and detention procedures so as to insure that the Defendant Officers did not violate the rights of a citizen to be free from unreasonable search and seizures and the excessive use of force under the Fourth and Fourteenth Amendments to the Constitution of the United States;

   b. failing to adequately supervise the Defendant Officers in order to insure that the Defendant Officers did not violate the rights of a citizen to receive adequate medical attention when injured;

   c. failing to investigate allegations of unreasonable search and seizure and excessive force; and

   d. failing to discipline officers for violations of policy related to unreasonable search and seizure and excessive force.

27. The policy, pattern of practice, or custom of condoned misconduct is tacitly or overtly sanctioned, as evidenced by the conduct of Defendants BRUCE SOKOLOFF and J. ANAYA and the Defendant CITY OF PORTERVILLE and PPD's failure to train, supervise, investigate, and discipline any of the officers involved in this incident amounting in a deliberate indifference to Plaintiff's constitutional rights.

28.  This unconstitutional behavior of officers is carried out pursuant to a policy, pattern of practice, or custom, whether formal or informal, which violates the constitutional rights of persons situated such as the Plaintiff.

29.  The condoning of misconduct, and the failure to end this policy, pattern of practice, or custom was a proximate cause to the injuries suffered by Plaintiff.

30.  Wherefore, as a direct and proximate cause of the actions of the Defendants, Plaintiff has suffered damages in an amount in excess of one hundred thousand dollars ($100,000.00) plus punitive damages and attorneys fees and costs.

## COUNTY III

## INTENTIONAL TORTS: ASSAULT, BATTERY, FALSE ARREST, FALSE IMPRISONMENT, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### Defendants BRUCE SOKOLOFF and J. ANAYA

31.  All previous paragraphs are incorporated herein by reference as though fully set forth in full herein.

32.  At all times material, Defendants BRUCE SOKOLOFF and J. ANAYA were on duty and a uniformed City of Porterville police officers and were acting in the scope of their employment by Defendant CITY OF PORTERVILLE and PPD, as police officers.

33.  All acts of the individual Defendants alleged above were conducted within the scope of the Defendants' employment or duties.

34.  The actions of the individual Defendants were willful, malicious and in violation of the known rights of Plaintiff.

35.  Defendants BRUCE SOKOLOFF and J. ANAYA committed assault and battery upon Plaintiff when they forcefully removed her from the city council chambers and placed handcuffs on her.

36.  Defendants BRUCE SOKOLOFF and J. ANAYA, without probable cause or articulated suspicion falsely imprisoned Plaintiff in a patrol car. Plaintiff's false imprisonment continued as Defendants transported Plaintiff to the Porterville Police Department.

37.  At all times, Plaintiff knew she was imprisoned by Defendants and had no reasonable means of escape.

38.  Defendants' conduct was intentional and done through the assertion of legal authority over Plaintiff.

39. Defendants' extreme and outrageous conduct intentionally or recklessly caused severe emotional distress to Plaintiff.

40. Wherefore as a direct and proximate result of Defendant Officer acts as described herein, Plaintiff suffered severe and permanent injury to her person, pain and suffering, disability, mental anguish, humiliation, and other diverse injuries in an amount in excess of $100,000.00 plus punitive damages and attorneys fees and costs.

## COUNT VI

### NEGLIGENCE: NEGLIGENT HIRING, NEGLIGENT RENTENTION, NEGLIGENT SUPERVISION, NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

### Against CITY OF TULARE and TPD

41. All previous paragraphs are incorporated herein by reference as though fully set forth in full herein.

42. Defendant CITY OF PORTERVILLE and PPD owed a duty of care to Plaintiff to exercise reasonable care in hiring, retaining, and supervising its employees.

43. Defendant CITY OF PORTERVILLE and PPD knew or should have known of Defendants BRUCE SOKOLOFF and J. ANAYA dangerous character based on prior complaints of excessive force violations and/or background checks including psychological evaluations.

44. Defendant CITY OF PORTERVILLE and PPD breached their duty of care to Plaintiff by failing to properly supervise, provide training, and take remedial measures, such as discharge or reassignment, against their employees to ensure the safety of Plaintiff.

45. Defendant BRUCE SOLOLOFF is a superior officer to Defendant J. ANAYA. Defendant BRUCE SOLOLOFF owed Plaintiff a duty of care to properly supervise Defendant J. ANAYA.

46. Defendant BRUCE SOLOLOFF breached his duty of care by not properly supervising Defendant J. ANAYA in the incident with Plaintiff.

47. As a result of Defendants' negligent acts, Plaintiff reasonably feared for her safety and has suffered severe emotional distress.

48. Wherefore, as a direct and proximate cause of the actions of Defendants, Plaintiff has suffered damages in an amount in excess of $100,000.00.

## COUNT V
## CLAIM FOR GROSS NEGLIGENCE OR WILLFULL AND WANTON MISCONDUCT
### Against All Defendants

49. All previous paragraphs are incorporated herein by reference as though fully set forth in full herein.

50. At all times material, Defendants BRUCE SOKOLOFF and J. ANAYA, individually and as an agent, servant, and employee of Defendant CITY OF PORTERVILLE and PPD, had a duty to refrain from causing injury to Plaintiff through gross negligence or willful and wanton misconduct.

51. In breach of this duty, Defendants J BRUCE SOKOLOFF and J. ANAYA were guilty of one or ore of the following grossly negligent and/or willful wanton acts or omissions to act, in that Defendants BRUCE SOKOLOFF and J. ANAYA:

   a. Willfully and wantonly or with gross negligence yanked Plaintiff out of the city council chambers without cause or provocation, although Defendant Officers knew, or should have known, that such conduct posed an unreasonable risk of causing injury to Plaintiff;

   b. Willfully and wantonly or with gross negligence violently put handcuffs on Plaintiff although Defendant Officers knew, or should have known, that such conduct posed an unreasonable risk of causing injury to Plaintiff;

   c. Willfully and wantonly or with gross negligence forcefully placed Plaintiff in the back of the patrol vehicle although Defendant Officers knew, or should have known, that such conduct posed an unreasonable risk of causing injury to Plaintiff;

   d. Willfully and wantonly or with gross negligence used excessive force in order to cause Plaintiff injury Defendant Officers knew, or should have known, that such conduct posed an unreasonable risk of causing injury to Plaintiff; and

   e. As a direct and proximate result of one or more of Defendant Officers' wrongful acts or omissions to act, Plaintiff sustained injury to Plaintiff's person, pain and suffering, disability, mental anguish, humiliation and other diverse injuries.

52. Wherefore as a direct and proximate result of Defendants acts as described herein, Plaintiff suffered severe and permanent injury to her person, pain and suffering, disability,

mental anguish, humiliation, and other diverse injuries in an amount in excess of $100,000.00 plus punitive damages and attorneys fees and costs.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and against the Defendants, and grant the following:

1. Enter judgment on behalf of Plaintiff against Defendants for reasonable actual damages sufficient to compensate her for the violation of her Fourth Amendment rights and rights under California state law;

2. Permanently enjoin and prohibit Defendants from interfering with Plaintiff's constitutional rights. Specifically, to enjoin Defendants from:

   a. Retaliating against Plaintiff or his family for bringing this lawsuit; and
   b. Subjecting Plaintiff to excessive force in the future.

3. Order Defendants to pay punitive and other exemplary damages;

4. Order Defendants to pay Plaintiff's attorneys' fees and costs as authorized by 42 U.S.C. §1988; pre-judgement interest and any other relief deemed necessary and proper;

5. Grant such further and other relief to which Plaintiff may be entitled and the Court deems proper.

RESPECTFULLY SUBMITTED,

RYAN P. SULLIVAN,
Attorney Bar No. 242515
ryan@sullilaw.com
Sullivan and Sullivan Law Corp.
505 North West Street
Visalia, CA 93291
559-741-2860