UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAE DEAN STRAWN, | Case No.   1:22-cv-01245-ADA-EPG |
| Plaintiff, | |
| v. | ORDER APPROVING, IN PART, PROPOSED STIPULATED PROTECTIVE ORDER |
| BRUCE SOKOLOFF, et al., | (ECF No. 41) |
| Defendants. | |

This matter is before the Court on the parties' proposed stipulated protective order. (ECF No. 41). Upon review, the Court finds it acceptable in most respects. However, the Court notes that the parties define the term "confidential information or items" as follows:

> information (regardless of how generated, stored or maintained) or tangible things that concern the City of Porterville, the City of Porterville Police Department, or any of its police officers and which may include but is not limited to, training material, instruction manuals, business operation plans, practice, policy and procedure guidelines, and other documentation, records and reports dealing with or relating to the City of Porterville's corporate practices or internal affairs and training of its officers.

(ECF No. 41, p. 2).[1]

---

[1] For readability, the Court has made minor edits to punctuation and capitalization of some of the parties' quotations without indicating each change.

Additionally, the parties provide a separate definition for "highly confidential" information:

> Extremely sensitive "Confidential Information or Items" whose disclosure to another Party or nonparty would create a substantial risk or serious injury that could not be avoided by less restrictive means. This includes, but is not limited to, personnel files of City of Porterville employees and medical or psychological records, examinations, testing, or related information of City of Porterville employees and Plaintiff.

(*Id.* at 3).

Such definitions deeming confidential (1) any information concerning the City of Porterville, the City of Porterville Police Department, or any of its police officers and (2) any information whose disclosure to another party or nonparty would create a substantial risk or serious injury that could not be avoided by less restrictive means improperly allows the parties to deem information confidential so long as they themselves believe that it qualifies for protection and without ever disclosing the types of information at issue as required by Local Rule 141.1(c)(1) (requiring "[a] description of the types of information eligible for protection under the order, with the description provided in general terms sufficient to reveal the nature of the information (*e.g.*, customer list, formula for soda, diary of a troubled child)").

However, the parties also reference specific categories of information, *e.g.*, instruction manuals, business operation plans, personnel files, and medical records that are sufficiently detailed to comply with Local Rule 141.1(c)(1). Accordingly, the Court will limit the parties' definition of confidential and highly confidential information to those categories specifically identified in the protective order. (ECF No. 41, pp. 2-3).

Additionally, the Court notes that "a protective order may not bind the Court or its personnel." *Rangel v. Forest River, Inc.*, No. EDCV 17-0613 JFW (SS), 2017 WL 2825922, at *2 (C.D. Cal. June 29, 2017). Thus, to the extent that the protective order conflicts with the Court's established practices or Rules, *e.g.*, such as by allowing the parties to bypass the Court's informal discovery-dispute-resolution process, the Court's established practices or Rules will govern. (*See* ECF No. 41, p. 6; ECF No. 32, pp. 3-4 (noting procedures regarding informal discovery conferences and discovery motions); the Court's Standard Procedures (same), available on the Court's website).

1    Accordingly, IT IS ORDERED that the parties' stipulated protective order (ECF No. 41)

2    is approved, in part, as revised above.

3

4    IT IS SO ORDERED.

5    Dated:   __**November 30, 2023**__            ___/s/ Erica P. Grosjean___

6                                                    UNITED STATES MAGISTRATE JUDGE